# Bridgewater Borough, Appellant, *v.* Beaver Valley Traction Company.

*Street railways—Boroughs—Location of track—Deflection in line—Ratification.*

Where a street railway company in laying its track on a borough street has slightly deflected from the line for the track established by the borough, and the borough has acquiesced in this location of the track for ten years, it will be presumed to have ratified the deflected line, and if the railway company in reconstructing its track lays it upon the deflected line, the borough has no standing to object.

*Equity—Equity pleading—Equity practice—Admissions—Findings of fact.*

Where in a bill in equity by a borough against a street railway company, it is charged that the defendant was building a double-track railway on a borough street to the irreparable damage of complainant, and the answer admits the construction of a double-track railway while denying irreparable damage, the court cannot find as a fact that the alleged double track was not a double track, but a turnout.

*Street railways—Construction—Double tracks—Turnouts.*

The law attaches no peculiar meaning to the words "double track and turnout." They are not technical, but in common and general use. A turnout is a short line of track having connection by means of switches with the main track.

An additional track laid in a borough street cannot be considered a turnout where it appears that the additional track taken in connection with the original track, and in connection with a double-track railway which these two tracks connected with at the borough limits, constituted one continuous, unbroken, double-track line.

Argued Oct. 19, 1905. Appeal, No. 181, Oct. T., 1905, by plaintiff, from decree of C. P. Beaver Co., Dec. T., 1901, No. 13, dismissing bill in equity in case of Bridgewater Borough v. Beaver Valley Traction Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Bill in equity for an injunction. Before WALLACE, P. J., specially presiding.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was the decree of the court dismissing the bill.

*J. F. Reed,* and *Edwin S. Weyand,* for appellant.

*Arthur E. Barnett,* with him *John M. Buchanan,* for appellee, cited: Plymouth Boro. v. Plymouth Street Ry. Co., 10 Kulp, 308; Twaddell v. Chester Traction Co., 6 Del. Co. Rep. 399.

OPINION BY MR. JUSTICE STEWART, March 12, 1906:

The Beaver Valley Traction Company, owning and ˙operating a line of street railway in the borough of Beaver and territory thereabout, in 1891, acquired the rights and franchises of the Central Street Railway Company in and upon the streets of the adjacent borough of Bridgewater. The borough ordinance allowing the transfer, provided that in the· construction and operation of the road, the Beaver Valley Traction Company should be subject to the restrictions and requirements of the ordinance granting the right of way to the Central Electric Street Railway Company. This ordinance, in section one, gave the last named ₊company the right to construct, maintain and operate a single track electric street railway upon and over certain streets in Bridgewater, beginning at the western end of the bridge of the Sharon Bridge Company in said borough, thence along the approach of said bridge to Water street in said borough, thence along the eastern side of Water street to Bridge street, maintaining on said Water street, a distance of eighteen feet between the tracks of said railway and· the curve on the west side of the street, except those parts of said street where buildings are now located, on the east side of said street, on which parts of said street the tracks of the said railway shall be laid on the center of said Water street; thence along the center of Bridge street to the foot of the hill; thence along the west side of the road leading from Bridgewater to Beaver to the western line of said borough; and in the maintenance and construction thereof to lay down the necessary tracks, poles, turn-outs and switches and to locate and maintain all the poles, wires and other appliances necessary to construct, operate and maintain the electric street railway in the most improved and successful manner. In section four, it is provided, that said company shall neither construct nor maintain any turn-outs or switches on Bridge street between the Big Beaver Bridge and the western boundary of the Presbyterian church fronting on said street.

The present contention requires consideration of so much

only of the ordinance as we have quoted. It relates to territory included in the description "thence along the west side of the road leading from Bridgewater to Beaver to the western line of said borough of Bridgewater."

A single track of railway was laid on this road in 1891, connecting at the western boundary of Bridgewater borough, with the tracks of the Beaver Valley Traction Company, and remained as originally constructed until 1901, when, for its own purposes, whatever these were, the line was reconstructed. by the company. While engaged in the work of reconstruction the borough of Bridgewater, by its municipal authorities, filed a bill in the court of common pleas of Beaver county alleging, (1) that the Beaver Valley Traction Company, made defendant therein, in violation of the provisions of the ordinance granting the right of way upon the streets of said borough, was engaged in constructing a double track railway on the west end of said Bridge street, and on the road leading from Bridge street to the western boundary of the borough, there connecting with the double tracks of defendant's railway in the borough of Beaver, without the consent of the authorities of the borough of Bridgewater; (2) that planning to occupy the eastern portion of the Bridgewater hill, and double track the same, the defendant company had torn up the pavement along its line of tracks, and in various ways was interfering with the side of said road east of the center line. The bill prayed that the defendant company might be restrained by injunction from constructing a double track railway on the western end of said Bridge street, and on the road leading from Bridge street to the western boundary of the borough, and from constructing any turn-outs or switches, or changing in any manner the location of said street railway as at present constructed on the west end of Bridge street, and on the road leading from Bridge street to the western boundary; and further, that it be restrained from tearing up or interfering with the pavement or roadbed in any manner, east of the center line of Bridgewater hill, leading from Beaver borough line to Bridge street in Bridgewater, or using the same in repairing or altering their roadbed on the west side of the center line.

To this bill an answer was filed and considerable testimony was taken. After much delay, a final hearing was reached,

when the bill was dismissed. In regard to so much of the complaint as relates to the alleged encroachments upon the eastern side of Bridge street—not including, however, the original track laid there—it is enough to say, that it is found as a fact by the court, on what we regard as sufficient and satisfactory evidence, that the reconstructed line follows substantially the line of the road as originally built in 1891. The variation, if any, is so slight as to be immaterial. If the line as originally constructed deflected from the true center of the road to the east, it is to be presumed that this was with the consent of the borough authorities. The continued acquiescense therein for a period of ten years, must be regarded as a ratification of what was done in this regard. The court very properly held that the line then established was the true line, and in relaying its tracks defendant company had the right to so regard it; and so with respect to any temporary use of the ground to the east that was necessary for the purpose of repair and reconstruction. The right to such use is implied in the grant.

On the other branch of the case, the court was asked to find as a fact that defendant company had two tracks, and as a conclusion of law that, under the ordinance granting defendant its privileges, it had no right to construct and maintain a double track electric railway on the road leading from Bridge street to the western boundary of the borough. The court's finding was : "While there are two tracks west of the point designated in the ordinance on Beaver Hill road or Bridge street, the double track is not what in law you would call a double track, but is recognized as a turn-out on the hill." This finding, while a disappointment to the plaintiff, must have been a surprise to the defendant, since in its answer to the eighth paragraph in plaintiff's bill, which charges that defendant is now engaged in constructing a double track railway on the west end of said Bridge street, and the road leading from Bridge street to the western boundary of said borough, there connecting with the double track of said railroad in the borough of Beaver, without the consent or authority, and to the irreparable damage of the petitioner, defendant admits that the allegations so made are true, except as they allege irreparable damage to complainant. This admission on the part of the de-

fendant company ought to be conclusive of the question, and the court should have so regarded it. Aside from this, however, the case presents no serious difficulty. The law attaches no peculiar meaning to the words double track and turn-out. They are not technical, but in common and general use, and anyone with the least familiarity with railroads or railways can distinguish between them. A turn-out in a railway is a short line of track, having connection by means of switches with the main track. By means of it a single track road may be used by cars moving in opposite directions, the turn-out affording accommodation at the side of the track for one car while the other is passing over the main track at that point. The car thus side-tracked resumes its place on the main track after the other car has passed, by the connecting switch at the other end of the siding, or it can return through the same switch that allowed it to pass from the main track. The track here complained of extends from a point on the west end of Bridge street, on the road leading from Bridge street to the western boundary of said borough, a distance of about 500 feet. Cars moving westward on the Bridgewater single track, when they reached the first named point, by means of a switch, can pass to either of the tracks on Bridge street without change, the track thereafter continuing on over the Beaver line. The conceded fact is, that to and from the point at the eastern end, the defendant company is operating its original track and this additional track, called a turn-out, with its two track system in the borough of Beaver as a double track road. Together they make one continuous, unbroken double track line. To call a track of this length and so used, a turn-out, is to give the word a significance that it has never been allowed, and confound it with another which means something totally different. If there was nothing else in the case to show that this additional track is not a turn-out, the use to which it is put would be sufficient. It would never occur to one traveling from Beaver to the eastern end of Bridgewater hill, that he was traveling part of the way on a turn-out; his car would not have changed tracks at any point. The same would be true of one traveling in the opposite direction between the same points.

The suggestion upon argument that this additional track best serves the public demands, in connection with the use of

the street upon which it is laid, is aside from present inquiry. Whether the privileges of defendant company should, for public considerations, be enlarged so as to permit the double track, is a matter to be determined by the municipal authorities; our concern is to determine what privileges have been, not what ought to be, given; and to see that they are not unduly extended beyond the terms of the grant, as they certainly would be were the decree in this case to stand.

The plaintiff was entitled to an unqualified affirmance of both propositions of fact and law; the additional track constructed by defendant on Bridge street makes a double track line between the points indicated, and is so operated; defendant had no legal right to construct the same and its continued maintenance and use is without authority of law.

For the reasons stated, the decree of the court below dissolving plaintiff's bill, is reversed, the bill is reinstated and the record remitted, with direction that an injunction issue enjoining the Beaver Valley Traction Company, the appellee, from maintaining and operating, on the west end of Bridge street in the borough of Bridgewater, on the road leading from Bridge street to the western boundary of the borough, any railway, other than its single track of railway as originally constructed. The costs on this appeal and in the court below to be paid by the appellee.